1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  1:21-cr-00121-ADA-1

12              Plaintiff,                   ORDER GRANTING DEFENDANT'S
                                            PETITION FOR EARLY TERMINATION OF
13        v.                                 SUPERVISED RELEASE

14   RONNIE RAY TAYLOR,                      (ECF No. 4)

15              Defendant.

16

17        On May 6, 2021, then-assigned District Judge for the Eastern District of California ordered

18   the acceptance and assumption of Defendant Ronnie Ray Taylor ("Defendant") by this Court from

19   and after the entry of the order.  (ECF No. 2 at 1.)  Prior to transferring jurisdiction, the District of

20   North Dakota had jurisdiction over Defendant.  (*Id.*)  Defendant currently serves a term of

21   supervised release from October 11, 2019, to October 10, 2024, for the offense of conspiracy to

22   distribute and possess with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) and

23   the offense of money laundering conspiracy under 18 U.S.C. § 1956(h).

24        On March 17, 2023, Defendant, proceeding *pro se*, filed a petition for early termination of

25   supervised release pursuant to 18 U.S.C. § 3583(e)(1).  (ECF No. 4.)  The Court directed the United

26   States to file a response to Defendant's petition by May 4, 2023.  (ECF No. 6.)  On May 3, 2023,

27   the United States timely filed a non-opposition to Defendant's petition.  (ECF No. 8.)  Defendant

28   did not file a reply, and the time to do so has already passed.

                                             1

**I. Legal Standard for Early Termination of Supervised Release**

According to 18 U.S.C. § 3583(e)(1), the Court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).  The Court may consider the factors set forth in 18 U.S.C. § 3553(a)(1) (the nature and circumstances of the offense and the history and characteristics of the defendant), (a)(2)(B) (to afford adequate deterrence to criminal conduct), (a)(2)(D) (to provide the defendant with needed correctional treatment), (a)(4) (the kinds of sentence and the sentencing range), (a)(5) (any pertinent policy statement), (a)(6) (avoid unwarranted sentence disparities among similarly-situated defendants), and (a)(7) (to provide restitution to any victims of the offense).  *See* 18 U.S.C. § 3553.

**II. Discussion**

In his petition, Defendant argues that being under probation hinders him from reaching his "full potential to be successful."  (ECF No. 4 at 2.)  Defendant has maintained his own residence for the past three years and has not had any contact with law enforcement.  (*Id.*)  Defendant expresses that he is unable to attend classes for Knight Transportation, one of North America's largest truckload fleet, due to being under probation, and that he desires a commercial driver's license.  (*Id.*)  To become a driver for Knight Transportation, Defendant explains that he must be able to drive outside of California for a one-year period.  (*Id.*)

In their non-opposition, the United States explains that Defendant has been compliant with the terms of his probation, with no positive drug tests and no new arrests.  (ECF No. 8 at 1.)  The United States also consulted with the U.S. Probation Office and the U.S. Attorney's Office for the District of North Dakota, and neither object to granting Defendant's petition.  (*Id.*)  Overall, the United States does not oppose the Court granting Defendant's petition.

///

Here, the Court grants Defendant's petition for early termination of supervised release. Defendant has now served nearly his entire imposed term of supervision, so he is now eligible to file a petition pursuant to 18 U.S.C. § 3583(e)(1).  Consideration of the 18 U.S.C. § 3553 factors support early termination as Defendant has fully complied with the terms of his supervised released and the sentence Defendant has served affords adequate deterrence to future criminal conduct. Defendant's term of supervised release also reflects the nature and circumstances of his offense. The fact that neither the probation office nor the United States opposes the early termination because Defendant has complied with all the terms of his conditions of supervised release is instructive.  Given the probation office's recommendation, the United States' non-opposition to the petition, and consideration of the 18 U.S.C. § 3553 factors, the Court grants Defendant's petition for early termination of supervised release.

**III. Conclusion**

Accordingly,

1.   The Court grants Defendant's petition for early termination of supervised release, (ECF No. 4).

IT IS SO ORDERED.

Dated:   June 6, 2023

UNITED STATES DISTRICT JUDGE